```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          13 CR 795 (RWS)

MONA SOLIMAN,

                Defendant.

------------------------------x
                                       New York, N.Y.
                                       January 29, 2015
                                       12:20 p.m.

Before:

                HON. SARAH NETBURN,

                                       Magistrate Judge

                     APPEARANCES

PREET BHARARA,
     United States Attorney for the
     Southern District of New York
EMIL BOVE
     Assistant United States Attorney

MATTHEW SANTAMAURO
     Attorney for Defendant
```

1                    (Case called)

2                    THE COURT:  Good afternoon, Ms. Soliman.

3                    My name is Judge Netburn.

4                    THE DEFENDANT:  Good afternoon.

5                    THE COURT:  I have before me a Consent to Proceed

6       Before a United States Magistrate Judge on a Felony Plea

7       Allocution that you have signed.

8                    What this form says is that knowing you have the right

9       to have this plea taken by a United States District Judge, you

10      are agreeing instead to have this plea taken by me, a United

11      States Magistrate Judge; is that correct?

12                   THE DEFENDANT:  Yes, your Honor.

13                   THE COURT:  Before you signed this form, did your

14      lawyer explain it to you?

15                   THE DEFENDANT:  Yes.

16                   THE COURT:  It is accepted.

17                   I have before me an indictment; it charges you with

18      one count of conspiracy to commit wire fraud.  I have been

19      informed that you wish to change your plea and enter your plea

20      as guilty as to this charge; is that correct?

21                   THE DEFENDANT:  Yes.  Your Honor.

22                   THE COURT:  Before deciding whether to accept your

23      guilty plea, I'm going to ask you certain questions.  It is

24      very important that you answer these questions honestly and

25      completely.  The purpose of these proceedings is to make sure

1  that you understand your rights, to decide whether you are
2  pleading guilty of your own free will, to make sure that you
3  are pleading guilty because you are, in fact, guilty, and not
4  for some other reason.
5          Do you understand that?
6          THE DEFENDANT:  Yes.
7          THE COURT:  If you don't understand any of my
8  questions or if you need time to consult with your attorney,
9  please say so, because it's important that you understand every
10 question before you answer it.
11         Will you do that?
12         THE DEFENDANT:  Yes.
13         THE COURT:  Mr. Mendieta, will you swear in the
14 defendant.
15         (Defendant sworn)
16         THE COURT:  Ms. Soliman, you understand you are now
17 under oath, and if you answer any of my questions falsely, you
18 can be prosecuted for perjury?
19         Can I have your full name.
20         THE DEFENDANT:  Mona Soliman.
21         THE COURT:  How old are you?
22         THE DEFENDANT:  Forty-three.
23         THE COURT:  Are you a United States citizen?
24         THE DEFENDANT:  Yes.
25         THE COURT:  How far did you go in school?

1                THE DEFENDANT:  I had one class left to graduate
2     college.
3                THE COURT:  In college.
4                Where did you study?
5                THE DEFENDANT:  Canada.
6                THE COURT:  In Canada.
7                Are you currently or have you recently been under the
8     care of a doctor or a psychiatrist for any reason?
9                THE DEFENDANT:  No.
10               THE COURT:  Have you taken any mind-altering drugs or
11    pills or medicine or consumed any alcohol in the last 24 hours?
12               THE DEFENDANT:  No.
13               THE COURT:  Is your mind clear today?
14               THE DEFENDANT:  Yes.
15               THE COURT:  Do you understand what's going on in these
16    proceedings?
17               THE DEFENDANT:  Yes.
18               THE COURT:  Does either counsel have any objection to
19    defendant's competence to enter a guilty plea?
20               MR. BOVE:  No, your Honor.
21               MR. SANTAMAURO:  No, your Honor.
22               THE COURT:  Ms. Soliman, have you received a copy of
23    the written version of the charge against you in this case
24    known as the indictment?
25               THE DEFENDANT:  Yes.

1               THE COURT:  Have you read it?

2               THE DEFENDANT:  Yes.

3               THE COURT:  Do you understand what it says?

4               THE DEFENDANT:  Yes.

5               THE COURT:  Do you want me to read it to you in open

6      court?

7               THE DEFENDANT:  No.

8               THE COURT:  You understand that you've been charged

9      with conspiracy to commit wire fraud, in violation of Title 18

10     of the United States Code, Sections 1349 and 1343; is that

11     correct?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Have you had time to talk to your attorney

14     about this charge and about how you wish to plead?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Has he told you the consequences of

17     pleading guilty?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Are you satisfied with your attorney's

20     representation of you?

21              THE DEFENDANT:  Yes.

22              THE COURT:  I'm now going to explain certain

23     constitutional rights that you have.  These are rights that you

24     will be giving up if you enter a guilty plea.  Please listen

25     carefully to what I'm about to say; and if you don't understand

1    something, please stop me and your attorney or I will explain

2    the matter more fully.

3              Will you do that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Under the Constitution and laws of the

6    United States, you have the right to plead not guilty to the

7    charges contained in this indictment.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And if you plead not guilty, you would be

11   entitled under the Constitution to a speedy and public trial by

12   a jury of those charges.

13             At that trial, you would be presumed innocent and the

14   government would be required to prove you guilty beyond a

15   reasonable doubt before you could be found guilty.  That means

16   that you would not have to prove that you were innocent.  You

17   would not be convicted unless a jury of 12 people agreed

18   unanimously that you are guilty beyond a reasonable doubt.

19             Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  If you decide to go to trial, at that

22   trial and at every stage of your case you would have the right

23   to be represented by an attorney.  If you could not afford an

24   attorney, one would be appointed to represent you at the

25   government's expense and at no cost to you.  If you had

1  retained counsel and ran out of money, an attorney would be
2  appointed to continue to represent you.  If an attorney is
3  appointed, that attorney is appointed to handle your case all
4  the way through trial, and not just for a guilty plea.  So your
5  decision to plead guilty here today should not depend on
6  whether you can afford to hire an attorney.
7          Do you understand that?
8          THE DEFENDANT:  Yes.
9          THE COURT:  During a trial, the witnesses for the
10 prosecution will have to come to court and testify in your
11 presence where you could see and hear them and your lawyer
12 could cross-examine those witnesses.  And if you wanted, your
13 lawyer could offer evidence in your defense.  You would be able
14 to use the Court's power to compel witnesses to come to court
15 and testify in your defense, even if they did not want to.
16         Do you understand that?
17         THE DEFENDANT:  Yes.
18         THE COURT:  At a trial, you would have the right to
19 testify in your own defense if you wanted to, but you would
20 also have the right not to testify.  And if you chose not to
21 testify, that could not be used against you in any way.  No
22 inference or suggestion of guilt could be made from the fact
23 that you did not testify.
24         Do you understand that?
25         THE DEFENDANT:  Yes.

1           THE COURT:  If you were convicted at trial, you would
2   have the right to appeal that verdict to a higher court.
3           Do you understand that?
4           THE DEFENDANT:  Yes.
5           THE COURT:  And as I said before, you have the right
6   to plead not guilty.  Even right now, even as you sit here
7   today for the purposes of entering a guilty plea, you have the
8   right to change your mind, persist in your not-guilty plea, and
9   proceed to trial.
10          But if you do plead guilty and I accept your plea,
11  there will be no trial.  All that will remain to be done will
12  be to impose a sentence.  You and the government will have a
13  chance to make arguments about what that sentence should be,
14  but there will not be any further trial to determine whether
15  you are guilty or not guilty of the charges to which you pled
16  guilty.
17          Do you understand that?
18          THE DEFENDANT:  Yes.
19          THE COURT:  The decision about your sentence will be
20  entirely up to the sentencing judge, and that judge will be
21  limited only by what the law requires.  Even if you are
22  surprised or disappointed by your sentence, you will still be
23  bound by your guilty plea.
24          Do you understand that?
25          THE DEFENDANT:  Yes.

9

F1TVSOLP                    Plea

THE COURT: Finally, if you do plead guilty, you will give up your right not to incriminate yourself, and I will ask you questions about what you did in order to satisfy myself that you are, in fact, guilty. By pleading guilty, you are admitting your factual -- as well as your legal -- guilt.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You said earlier that you've read the indictment and you understand the charge of conspiracy to commit wire fraud that is contained within it. I'm now going to ask the Assistant United States Attorney to state the elements of that charge. The elements are the things that the government would have to prove beyond a reasonable doubt if the case were to proceed to trial.

MR. BOVE: Your Honor, with respect to Count One, the government would be required to establish that there was an agreement between two or more people to violate the laws of the United States that prohibit wire fraud; and that the defendant knowingly and intentionally joined that conspiracy. The government would also be required to establish venue in this district by a preponderance of the evidence.

As to the object of the offense charged in Count One, that is, wire fraud, the elements are that there was a scheme or artifice to defraud or to obtain money or property; that the defendant knowingly and willfully participated in the scheme

1  and artifice to defraud, with knowledge of its fraudulent

2  nature and specific intent to defraud.

3              And finally, that in the execution of that scheme, the

4  defendant used or caused the use of interstate wires.

5              THE COURT:  Thank you.

6              Ms. Soliman, I'm now going to tell you the maximum

7  possible penalty for this crime.  The maximum means the most

8  that would possibly be imposed.  It does not mean this is what

9  you would necessarily receive, but you have to understand that

10  by pleading guilty here today, you are exposing yourself to any

11  combination of punishments up to the maximum that I'm about to

12  describe.

13              Do you understand that?

14              THE DEFENDANT:  Yes.

15              THE COURT:  First, I'm going to tell you about the

16  possible restrictions on your liberty.

17              The maximum possible punishment for this crime is a

18  20-year term of imprisonment, followed by a maximum three-year

19  term of supervised release.  "Supervised release" means that if

20  you are sentenced to prison, and thereafter released from

21  prison, you may be subject to supervision by the probation

22  department.

23              You should understand that if you are placed on

24  supervised release, and thereafter violate any of the terms or

25  conditions of that release, the district judge may revoke that

1  term of supervised release and return you to prison without
2  giving you credit for the time served on post-release
3  supervision.
4         Do you understand that?
5         THE DEFENDANT:  Yes.
6         THE COURT:  In addition to these restrictions on your
7  liberty, the maximum possible punishment also includes certain
8  financial penalties.
9         In this case, the maximum possible fine is the
10 greatest of $250,000 or twice what was made by someone other
11 than your -- excuse me, twice what was lost by someone other
12 than yourself or twice what was made by criminal activity.  In
13 addition, there is a mandatory minimum fine of $100 that's
14 required to be imposed for the count of conviction.
15        Ms. Soliman, has anybody threatened you or coerced you
16 in any way to get you to plead guilty?
17        THE DEFENDANT:  No.
18        THE COURT:  Has anyone other than the government
19 offered you anything to get you to plead guilty?
20        THE DEFENDANT:  No.
21        THE COURT:  I understand that there is an agreement
22 between you and the government concerning this plea; is that
23 correct?
24        THE DEFENDANT:  Yes.
25        THE COURT:  Did you read this agreement?

1                THE DEFENDANT:  Yes.
2                THE COURT:  Did you have an opportunity to discuss its
3     terms with your lawyer?
4                THE DEFENDANT:  Yes.
5                THE COURT:  Do you understand what it says?
6                THE DEFENDANT:  Yes.
7                THE COURT:  It appears that in this agreement, you and
8     the government have agreed to the appropriate calculations of
9     your sentence under the sentencing guidelines; is that correct?
10               THE DEFENDANT:  Yes.
11               THE COURT:  And you've agreed that the appropriate
12    stipulated guidelines range is between 33 to 41 months
13    imprisonment; is that correct?
14               THE DEFENDANT:  Yes.
15               THE COURT:  In addition, you've agreed that the
16    appropriate fine range is between $7,500 and $75,000; is that
17    correct?
18               THE DEFENDANT:  Yes.
19               THE COURT:  Do you understand that under this
20    agreement, either you nor the government is allowed to argue to
21    the sentencing judge for a guidelines range that is different
22    than this one?
23               Do you understand that?
24               THE DEFENDANT:  Yes.
25               THE COURT:  So you will not seek a departure or

1  adjustment from this guidelines range.  You are allowed to
2  argue to the Court that you should be sentenced outside of this
3  guideline range though.
4         Do you understand that?
5         THE DEFENDANT:  Yes.
6         THE COURT:  In addition, in this agreement you have
7  admitted to the forfeiture allegation and agreed to forfeit any
8  property, real or personal, that was derived from this offense.
9         Do you understand that?
10        THE DEFENDANT:  Yes.
11        THE COURT:  You've also agreed to make restitution in
12 the amount ordered by the Court.
13        Do you understand that?
14        THE DEFENDANT:  Yes.
15        THE COURT:  In this agreement, you've also limited in
16 certain respects your ability to appeal from your conviction.
17 You've agreed that you will not file a direct appeal or bring a
18 collateral challenge -- often called a habeas motion -- or seek
19 a sentence modification so long as the sentence is within or
20 below the stipulated guidelines range of 33 to 41 months
21 imprisonment; is that correct?
22        THE DEFENDANT:  Yes.
23        THE COURT:  You've also agreed that you will not
24 appeal any term of supervised release that is less than or
25 equal to the statutory maximum.  You've agreed not to appeal

1  any fine that is less than or equal to $75,000; is that
2  correct?
3              THE DEFENDANT:  Yes.
4              THE COURT:  I want to make sure you understand that
5  any terms of this agreement, including any calculations or
6  recommendations, are not binding on the sentencing judge, and
7  that he will make his own calculations under the sentencing
8  guidelines.
9              Do you understand that?
10             THE DEFENDANT:  Yes.
11             THE COURT:  This means that he may impose a sentence
12 that is different and possibly more harsh than the sentence
13 that is recommended in this letter.
14             Do you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  In determining the sentence, the Court
17 will consider in addition to the guidelines and possible
18 departures from those guidelines all of the factors that are
19 set forth in the sentencing statute which is found at Title 18
20 of the United States Code, Section 3553(a).
21             Do you understand that?
22             THE DEFENDANT:  Yes.
23             THE COURT:  In addition, the Court will consider the
24 presentence report, which is prepared by the probation
25 department in advance of your sentencing.  Before you are

1    sentenced, you and the government will have an opportunity to

2    challenge the facts that are reported in that presentence

3    report.

4              Now that you've been advised of the charge against

5    you, the possible penalties that you face, and the rights you

6    are giving up, is it still your intention to plead guilty as to

7    Count One of the indictment?

8              THE DEFENDANT:  Yes.

9              THE COURT:  So with respect to Count One of the

10   indictment, how do you plead?

11             THE DEFENDANT:  Guilty.

12             THE COURT:  Can you tell me in your own words what you

13   did that makes you believe that you are guilty of this charge.

14             THE DEFENDANT:  I agreed with at least two others to

15   fraudulently obtain or assist others in obtaining loans from

16   various --

17             THE COURT:  Sorry.  Can you speak up a little bit; I'm

18   having a hard time hearing you.

19             THE DEFENDANT:  I agreed with at least two others to

20   fraudulently obtain or assist others in obtaining loans from

21   various lending institutions in that I assisted others in

22   preparing mortgage applications that I knew contained false

23   information.  And I knew that false information would cause the

24   FDIC-insured lending institutions to lend money to the

25   applicant.

1        THE COURT: And did you know that what you were doing
2   at the time was wrong?
3        THE DEFENDANT: Yes.
4        THE COURT: Where were you when you were engaged in
5   this conduct? Were you working here in Manhattan?
6        THE DEFENDANT: Staten Island.
7        THE COURT: In Staten Island.
8        And I assume some of the banks were here in Manhattan?
9        MR. BOVE: Your Honor, if I can make a couple of
10  factual proffers.
11       The first with regard to venue is that one of the
12  defendant's co-conspirators, Jordan Kapchan, was an attorney
13  with an office in Manhattan who facilitated a number of these
14  applications and a disbursement of the loan funds that were
15  obtained.
16       With regard to the element of interstate wires, the
17  fraudulently-submitted loan applications that the defendant has
18  described caused financial institutions to issue and disburse
19  loan funds using interstate wires.
20       Finally, for the record, I would note that the fraud
21  affected at least two FDIC-insured institutions, namely, HSBC
22  and the National Bank of Arizona. That's sufficient to trigger
23  the extended statute of limitations in 18 U.S.C. 20 and 3293.
24       THE COURT: Ms. Soliman, I note that you read
25  something that was prepared in advance of your plea today.

1              Is there anything that you read to me that is not true
2    or complete?
3              THE DEFENDANT:  No.
4              THE COURT:  You agree with everything that you read to
5    me?
6              THE DEFENDANT:  Yes.
7              THE COURT:  Any other questions you want me to ask
8    this defendant?
9              MR. BOVE:  No, your Honor.
10             THE COURT:  Does the government represent that it has
11   sufficient evidence to prove this particular defendant guilty
12   beyond a reasonable doubt?
13             MR. BOVE:  Yes, your Honor.
14             THE COURT:  Does the government want to proffer any of
15   that evidence at this time?
16             MR. BOVE:  The government would establish its case
17   through the testimony of witnesses, including law enforcement,
18   as well as cooperating witnesses, and through documents
19   provided by banks and other lending institutions.
20             THE COURT:  Ms. Soliman, on the basis of your
21   responses to my questions and my observation of your demeanor,
22   I find that you are competent to enter a guilty plea.  I'm
23   satisfied that you understand your rights, including your right
24   to go to trial, that you're aware of the consequences of your
25   plea, including the sentence that may be imposed, that you are

1  voluntarily pleading guilty, and that you've admitted that you
2  are guilty as charged in Count One of the indictment.
3           For these reasons, I'll recommend that District Judge
4  Sweet accept your plea of guilty as to Count One of the
5  indictment.
6           I assume the government will order a copy of the
7  transcript so that he may act on the recommendation?
8           MR. BOVE:  Yes, your Honor.
9           THE COURT:  Has he set a sentencing date?
10          MR. BOVE:  Not yet, your Honor, but we'll jointly
11 contact chambers this afternoon.
12          THE COURT:  Do you need a control date or is that not
13 necessary?
14          MR. BOVE:  I don't believe one is necessary, unless
15 it's necessary for purposes of moving the PSR forward.
16          THE COURT:  I don't think it is.  I think so long as I
17 direct, which I now do, that the presentence report be
18 prepared, I think that should be sufficient.
19          MR. BOVE:  Thank you, Judge.
20          THE COURT:  Can you deliver the case summary within 14
21 days?
22          MR. BOVE:  Yes.
23          THE COURT:  And can you and your client be available
24 to be interviewed by probation within the next 14 days?
25          MR. SANTAMAURO:  Yes, your Honor.

1            THE COURT:  Thank you.

2            I assume no objections to the defendant continuing
3    present bail.

4            MR. BOVE:  That's correct, your Honor.

5            THE COURT:  Ms. Soliman, all of the conditions on
6    which you were released up to now continue to apply.  And a
7    violation of those conditions can have very serious
8    consequences, including revocation of bail, prosecution for
9    bail jumping, and the possible revocation of this plea
10   agreement.

11           Anything further?

12           MR. BOVE:  No, your Honor.  Thank you.

13           THE COURT:  Thank you.

14           MR. SANTAMAURO:  Thank you very much, your Honor.

15                          *   *   *