

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 22, 2015

<u>Via Email and ECF</u>
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
Email: Tsz_Man_Chan@nysd.uscourts.gov

     Re:   <u>**United States** v. **Mona Soliman**</u>,
           **13 Cr. 795 (RWS)**

Dear Judge Sweet:

       On January 29, 2015, pursuant to Your Honor's referral, defendant Mona Soliman entered a guilty plea before the Honorable Sarah Netburn, Magistrate Judge. The Government respectfully requests that the Court accept the defendant's guilty plea, and has no objection to the defendant remaining bailed pending her sentencing (which has not yet been scheduled). Attached for Your Honor's consideration are the transcript of the defendant's plea allocution, a copy of the parties' plea agreement, and a proposed order accepting the guilty plea and directing the defendant to surrender.

                 Respectfully submitted,

                 PREET BHARARA
                 United States Attorney

By: _____
                 Emil J. Bove III
                 Assistant United States Attorney
                 (212) 637-2444

Enclosures

Cc:    Matthew Santamauro
       (By email)

F1TVSOLP                          Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4               v.                          13 CR 795 (RWS)

5    MONA SOLIMAN,

6               Defendant.

7    ------------------------------x

8                                           New York, N.Y.
                                            January 29, 2015
9                                           12:20 p.m.

10

     Before:
11
                         HON. SARAH NETBURN,
12
                                            Magistrate Judge
13

14                         APPEARANCES

15

     PREET BHARARA,
16        United States Attorney for the
          Southern District of New York
17   EMIL BOVE
          Assistant United States Attorney
18

     MATTHEW SANTAMAURO
19        Attorney for Defendant

20

21

22

23

24

25

1            (Case called)

2            THE COURT:  Good afternoon, Ms. Soliman.

3      My name is Judge Netburn.

4            THE DEFENDANT:  Good afternoon.

5            THE COURT:  I have before me a Consent to Proceed

6      Before a United States Magistrate Judge on a Felony Plea

7      Allocution that you have signed.

8            What this form says is that knowing you have the right

9      to have this plea taken by a United States District Judge, you

10     are agreeing instead to have this plea taken by me, a United

11     States Magistrate Judge; is that correct?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Before you signed this form, did your

14     lawyer explain it to you?

15           THE DEFENDANT:  Yes.

16           THE COURT:  It is accepted.

17           I have before me an indictment; it charges you with

18     one count of conspiracy to commit wire fraud.  I have been

19     informed that you wish to change your plea and enter your plea

20     as guilty as to this charge; is that correct?

21           THE DEFENDANT:  Yes.  Your Honor.

22           THE COURT:  Before deciding whether to accept your

23     guilty plea, I'm going to ask you certain questions.  It is

24     very important that you answer these questions honestly and

25     completely.  The purpose of these proceedings is to make sure

1   that you understand your rights, to decide whether you are

2   pleading guilty of your own free will, to make sure that you

3   are pleading guilty because you are, in fact, guilty, and not

4   for some other reason.

5           Do you understand that?

6           THE DEFENDANT:  Yes.

7           THE COURT:  If you don't understand any of my

8   questions or if you need time to consult with your attorney,

9   please say so, because it's important that you understand every

10  question before you answer it.

11          Will you do that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Mr. Mendieta, will you swear in the

14  defendant.

15          (Defendant sworn)

16          THE COURT:  Ms. Soliman, you understand you are now

17  under oath, and if you answer any of my questions falsely, you

18  can be prosecuted for perjury?

19          Can I have your full name.

20          THE DEFENDANT:  Mona Soliman.

21          THE COURT:  How old are you?

22          THE DEFENDANT:  Forty-three.

23          THE COURT:  Are you a United States citizen?

24          THE DEFENDANT:  Yes.

25          THE COURT:  How far did you go in school?

1          THE DEFENDANT:  I had one class left to graduate

2     college.

3          THE COURT:  In college.

4          Where did you study?

5          THE DEFENDANT:  Canada.

6          THE COURT:  In Canada.

7          Are you currently or have you recently been under the

8     care of a doctor or a psychiatrist for any reason?

9          THE DEFENDANT:  No.

10          THE COURT:  Have you taken any mind-altering drugs or

11     pills or medicine or consumed any alcohol in the last 24 hours?

12          THE DEFENDANT:  No.

13          THE COURT:  Is your mind clear today?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand what's going on in these

16     proceedings?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Does either counsel have any objection to

19     defendant's competence to enter a guilty plea?

20          MR. BOVE:  No, your Honor.

21          MR. SANTAMAURO:  No, your Honor.

22          THE COURT:  Ms. Soliman, have you received a copy of

23     the written version of the charge against you in this case

24     known as the indictment?

25          THE DEFENDANT:  Yes.

1              THE COURT:  Have you read it?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you understand what it says?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you want me to read it to you in open

6     court?

7              THE DEFENDANT:  No.

8              THE COURT:  You understand that you've been charged

9     with conspiracy to commit wire fraud, in violation of Title 18

10    of the United States Code, Sections 1349 and 1343; is that

11    correct?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Have you had time to talk to your attorney

14    about this charge and about how you wish to plead?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Has he told you the consequences of

17    pleading guilty?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Are you satisfied with your attorney's

20    representation of you?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I'm now going to explain certain

23    constitutional rights that you have.  These are rights that you

24    will be giving up if you enter a guilty plea.  Please listen

25    carefully to what I'm about to say; and if you don't understand

1    something, please stop me and your attorney or I will explain

2    the matter more fully.

3              Will you do that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Under the Constitution and laws of the

6    United States, you have the right to plead not guilty to the

7    charges contained in this indictment.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And if you plead not guilty, you would be

11   entitled under the Constitution to a speedy and public trial by

12   a jury of those charges.

13             At that trial, you would be presumed innocent and the

14   government would be required to prove you guilty beyond a

15   reasonable doubt before you could be found guilty.  That means

16   that you would not have to prove that you were innocent.  You

17   would not be convicted unless a jury of 12 people agreed

18   unanimously that you are guilty beyond a reasonable doubt.

19             Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  If you decide to go to trial, at that

22   trial and at every stage of your case you would have the right

23   to be represented by an attorney.  If you could not afford an

24   attorney, one would be appointed to represent you at the

25   government's expense and at no cost to you.  If you had

1    retained counsel and ran out of money, an attorney would be

2    appointed to continue to represent you.  If an attorney is

3    appointed, that attorney is appointed to handle your case all

4    the way through trial, and not just for a guilty plea.  So your

5    decision to plead guilty here today should not depend on

6    whether you can afford to hire an attorney.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  During a trial, the witnesses for the

10   prosecution will have to come to court and testify in your

11   presence where you could see and hear them and your lawyer

12   could cross-examine those witnesses.  And if you wanted, your

13   lawyer could offer evidence in your defense.  You would be able

14   to use the Court's power to compel witnesses to come to court

15   and testify in your defense, even if they did not want to.

16             Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  At a trial, you would have the right to

19   testify in your own defense if you wanted to, but you would

20   also have the right not to testify.  And if you chose not to

21   testify, that could not be used against you in any way.  No

22   inference or suggestion of guilt could be made from the fact

23   that you did not testify.

24             Do you understand that?

25             THE DEFENDANT:  Yes.

1          THE COURT:  If you were convicted at trial, you would

2    have the right to appeal that verdict to a higher court.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And as I said before, you have the right

6    to plead not guilty.  Even right now, even as you sit here

7    today for the purposes of entering a guilty plea, you have the

8    right to change your mind, persist in your not-guilty plea, and

9    proceed to trial.

10         But if you do plead guilty and I accept your plea,

11   there will be no trial.  All that will remain to be done will

12   be to impose a sentence.  You and the government will have a

13   chance to make arguments about what that sentence should be,

14   but there will not be any further trial to determine whether

15   you are guilty or not guilty of the charges to which you pled

16   guilty.

17         Do you understand that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  The decision about your sentence will be

20   entirely up to the sentencing judge, and that judge will be

21   limited only by what the law requires.  Even if you are

22   surprised or disappointed by your sentence, you will still be

23   bound by your guilty plea.

24         Do you understand that?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Finally, if you do plead guilty, you will

2    give up your right not to incriminate yourself, and I will ask

3    you questions about what you did in order to satisfy myself

4    that you are, in fact, guilty.  By pleading guilty, you are

5    admitting your factual -- as well as your legal -- guilt.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  You said earlier that you've read the

9    indictment and you understand the charge of conspiracy to

10   commit wire fraud that is contained within it.  I'm now going

11   to ask the Assistant United States Attorney to state the

12   elements of that charge.  The elements are the things that the

13   government would have to prove beyond a reasonable doubt if the

14   case were to proceed to trial:

15         MR. BOVE:  Your Honor, with respect to Count One, the

16   government would be required to establish that there was an

17   agreement between two or more people to violate the laws of the

18   United States that prohibit wire fraud; and that the defendant

19   knowingly and intentionally joined that conspiracy.  The

20   government would also be required to establish venue in this

21   district by a preponderance of the evidence.

22         As to the object of the offense charged in Count One,

23   that is, wire fraud, the elements are that there was a scheme

24   or artifice to defraud or to obtain money or property; that the

25   defendant knowingly and willfully participated in the scheme

1    and artifice to defraud, with knowledge of its fraudulent

2    nature and specific intent to defraud.

3         And finally, that in the execution of that scheme, the

4    defendant used or caused the use of interstate wires.

5         THE COURT:  Thank you.

6         Ms. Soliman, I'm now going to tell you the maximum

7    possible penalty for this crime.  The maximum means the most

8    that would possibly be imposed.  It does not mean this is what

9    you would necessarily receive, but you have to understand that

10   by pleading guilty here today, you are exposing yourself to any

11   combination of punishments up to the maximum that I'm about to

12   describe.

13        Do you understand that?

14        THE DEFENDANT:  Yes.

15        THE COURT:  First, I'm going to tell you about the

16   possible restrictions on your liberty.

17        The maximum possible punishment for this crime is a

18   20-year term of imprisonment, followed by a maximum three-year

19   term of supervised release.  "Supervised release" means that if

20   you are sentenced to prison, and thereafter released from

21   prison, you may be subject to supervision by the probation

22   department.

23        You should understand that if you are placed on

24   supervised release, and thereafter violate any of the terms or

25   conditions of that release, the district judge may revoke that

1    term of supervised release and return you to prison without

2    giving you credit for the time served on post-release

3    supervision.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  In addition to these restrictions on your

7    liberty, the maximum possible punishment also includes certain

8    financial penalties.

9              In this case, the maximum possible fine is the

10   greatest of $250,000 or twice what was made by someone other

11   than your -- excuse me, twice what was lost by someone other

12   than yourself or twice what was made by criminal activity.  In

13   addition, there is a mandatory minimum fine of $100 that's

14   required to be imposed for the count of conviction.

15             Ms. Soliman, has anybody threatened you or coerced you

16   in any way to get you to plead guilty?

17             THE DEFENDANT:  No.

18             THE COURT:  Has anyone other than the government

19   offered you anything to get you to plead guilty?

20             THE DEFENDANT:  No.

21             THE COURT:  I understand that there is an agreement

22   between you and the government concerning this plea; is that

23   correct?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Did you read this agreement?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Did you have an opportunity to discuss its

3    terms with your lawyer?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand what it says?

6              THE DEFENDANT:  Yes.

7              THE COURT:  It appears that in this agreement, you and

8    the government have agreed to the appropriate calculations of

9    your sentence under the sentencing guidelines; is that correct?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And you've agreed that the appropriate

12   stipulated guidelines range is between 33 to 41 months

13   imprisonment; is that correct?

14             THE DEFENDANT:  Yes.

15             THE COURT:  In addition, you've agreed that the

16   appropriate fine range is between $7,500 and $75,000; is that

17   correct?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Do you understand that under this

20   agreement, either you nor the government is allowed to argue to

21   the sentencing judge for a guidelines range that is different

22   than this one?

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  So you will not seek a departure or

1    adjustment from this guidelines range.  You are allowed to

2    argue to the Court that you should be sentenced outside of this

3    guideline range though.

4            Do you understand that?

5            THE DEFENDANT:  Yes.

6            THE COURT:  In addition, in this agreement you have

7    admitted to the forfeiture allegation and agreed to forfeit any

8    property, real or personal, that was derived from this offense.

9            Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  You've also agreed to make restitution in

12   the amount ordered by the Court.

13           Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  In this agreement, you've also limited in

16   certain respects your ability to appeal from your conviction.

17   You've agreed that you will not file a direct appeal or bring a

18   collateral challenge -- often called a habeas motion -- or seek

19   a sentence modification so long as the sentence is within or

20   below the stipulated guidelines range of 33 to 41 months

21   imprisonment; is that correct?

22           THE DEFENDANT:  Yes.

23           THE COURT:  You've also agreed that you will not

24   appeal any term of supervised release that is less than or

25   equal to the statutory maximum.  You've agreed not to appeal

1    any fine that is less than or equal to $75,000; is that

2    correct?

3            THE DEFENDANT:  Yes.

4            THE COURT:  I want to make sure you understand that

5    any terms of this agreement, including any calculations or

6    recommendations, are not binding on the sentencing judge, and

7    that he will make his own calculations under the sentencing

8    guidelines.

9            Do you understand that?

10            THE DEFENDANT:  Yes.

11            THE COURT:  This means that he may impose a sentence

12    that is different and possibly more harsh than the sentence

13    that is recommended in this letter.

14            Do you understand that?

15            THE DEFENDANT:  Yes.

16            THE COURT:  In determining the sentence, the Court

17    will consider in addition to the guidelines and possible

18    departures from those guidelines all of the factors that are

19    set forth in the sentencing statute which is found at Title 18

20    of the United States Code, Section 3553(a).

21            Do you understand that?

22            THE DEFENDANT:  Yes.

23            THE COURT:  In addition, the Court will consider the

24    presentence report, which is prepared by the probation

25    department in advance of your sentencing.  Before you are

1    sentenced, you and the government will have an opportunity to

2    challenge the facts that are reported in that presentence

3    report.

4            Now that you've been advised of the charge against

5    you, the possible penalties that you face, and the rights you

6    are giving up, is it still your intention to plead guilty as to

7    Count One of the indictment?

8            THE DEFENDANT:  Yes.

9            THE COURT:  So with respect to Count One of the

10   indictment, how do you plead?

11           THE DEFENDANT:  Guilty.

12           THE COURT:  Can you tell me in your own words what you

13   did that makes you believe that you are guilty of this charge.

14           THE DEFENDANT:  I agreed with at least two others to

15   fraudulently obtain or assist others in obtaining loans from

16   various --

17           THE COURT:  Sorry.  Can you speak up a little bit; I'm

18   having a hard time hearing you.

19           THE DEFENDANT:  I agreed with at least two others to

20   fraudulently obtain or assist others in obtaining loans from

21   various lending institutions in that I assisted others in

22   preparing mortgage applications that I knew contained false

23   information.  And I knew that false information would cause the

24   FDIC-insured lending institutions to lend money to the

25   applicant.

1           THE COURT:  And did you know that what you were doing

2      at the time was wrong?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Where were you when you were engaged in

5      this conduct?  Were you working here in Manhattan?

6           THE DEFENDANT:  Staten Island.

7           THE COURT:  In Staten Island.

8           And I assume some of the banks were here in Manhattan?

9           MR. BOVE:  Your Honor, if I can make a couple of

10     factual proffers.

11          The first with regard to venue is that one of the

12     defendant's co-conspirators, Jordan Kapchan, was an attorney

13     with an office in Manhattan who facilitated a number of these

14     applications and a disbursement of the loan funds that were

15     obtained.

16          With regard to the element of interstate wires, the

17     fraudulently-submitted loan applications that the defendant has

18     described caused financial institutions to issue and disburse

19     loan funds using interstate wires.

20          Finally, for the record, I would note that the fraud

21     affected at least two FDIC-insured institutions, namely, HSBC

22     and the National Bank of Arizona.  That's sufficient to trigger

23     the extended statute of limitations in 18 U.S.C. 20 and 3293.

24          THE COURT:  Ms. Soliman, I note that you read

25     something that was prepared in advance of your plea today.

1      Is there anything that you read to me that is not true

2 or complete?

3          THE DEFENDANT:  No.

4          THE COURT:  You agree with everything that you read to

5 me?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Any other questions you want me to ask

8 this defendant?

9          MR. BOVE:  No, your Honor.

10          THE COURT:  Does the government represent that it has

11 sufficient evidence to prove this particular defendant guilty

12 beyond a reasonable doubt?

13          MR. BOVE:  Yes, your Honor.

14          THE COURT:  Does the government want to proffer any of

15 that evidence at this time?

16          MR. BOVE:  The government would establish its case

17 through the testimony of witnesses, including law enforcement,

18 as well as cooperating witnesses, and through documents

19 provided by banks and other lending institutions.

20          THE COURT:  Ms. Soliman, on the basis of your

21 responses to my questions and my observation of your demeanor,

22 I find that you are competent to enter a guilty plea.  I'm

23 satisfied that you understand your rights, including your right

24 to go to trial, that you're aware of the consequences of your

25 plea, including the sentence that may be imposed, that you are

1  voluntarily pleading guilty, and that you've admitted that you

2  are guilty as charged in Count One of the indictment.

3          For these reasons, I'll recommend that District Judge

4  Sweet accept your plea of guilty as to Count One of the

5  indictment.

6          I assume the government will order a copy of the

7  transcript so that he may act on the recommendation?

8          MR. BOVE:  Yes, your Honor.

9          THE COURT:  Has he set a sentencing date?

10         MR. BOVE:  Not yet, your Honor, but we'll jointly

11 contact chambers this afternoon.

12         THE COURT:  Do you need a control date or is that not

13 necessary?

14         MR. BOVE:  I don't believe one is necessary, unless

15 it's necessary for purposes of moving the PSR forward.

16         THE COURT:  I don't think it is.  I think so long as I

17 direct, which I now do, that the presentence report be

18 prepared, I think that should be sufficient.

19         MR. BOVE:  Thank you, Judge.

20         THE COURT:  Can you deliver the case summary within 14

21 days?

22         MR. BOVE:  Yes.

23         THE COURT:  And can you and your client be available

24 to be interviewed by probation within the next 14 days?

25         MR. SANTAMAURO:  Yes, your Honor.

1        THE COURT:  Thank you.

2        I assume no objections to the defendant continuing

3   present bail.

4        MR. BOVE:  That's correct, your Honor.

5        THE COURT:  Ms. Soliman, all of the conditions on

6   which you were released up to now continue to apply.  And a

7   violation of those conditions can have very serious

8   consequences, including revocation of bail, prosecution for

9   bail jumping, and the possible revocation of this plea

10  agreement.

11       Anything further?

12       MR. BOVE:  No, your Honor.  Thank you.

13       THE COURT:  Thank you.

14       MR. SANTAMAURO:  Thank you very much, your Honor.

15                   *     *     *

16

17

18

19

20

21

22

23

24

25



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

ORIGINAL

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 16, 2014

By Email
Matthew Santamauro, Esq.
2550 Victory Boulevard
Staten Island, New York 10314
Email: msantamauro@aol.com

Re:     **United States** v. **Mona Soliman,**
        **13 Cr. 795 (RWS)**

Dear Mr. Santamauro:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Mona Soliman ("the defendant") to Count One of the above-referenced Indictment.

Count One charges the defendant with conspiracy to commit wire fraud, from at least in or about November 2004, up to and including in or about June 2007, in violation of Title 18, United States Code, Sections 1349 and 1343. Count One carries a maximum term of imprisonment of 20 years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; a maximum term of supervised release of three years; and a mandatory $100 special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to Count One of the Indictment, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for her participation in a conspiracy to commit wire fraud, between November 2004 and June 2007, as charged in Count One of the Indictment, it being understood that this Agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. § 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open counts against the defendant. The defendant agrees that with respect to any and all dismissed

charges she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, Pub. L. No. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegations in the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981, any and all property, real and personal, constituting or derived from proceeds obtained directly and indirectly as the result of the offense alleged in Count One of the Indictment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with Title 18, United States Code, Sections 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A.    **Offense Level**

1.    The November 1, 2013 Guidelines manual applies in this case.

2.    The sentencing guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2B1.1.

3.    Pursuant to U.S.S.G. § 2B1.1(a)(1), because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the base offense level is 7.

4.    Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), because the offense of conviction resulted in a loss of more than $1,000,000 but less than $2,500,000, 16 levels are added.

5.    Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant timely provided complete information to the Government concerning her own involvement in the offenses and gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 20.

### B.    Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points. Accordingly, the defendant's Criminal History Category is I.

### C.    Sentencing Range

Based upon the calculations set forth above, the defendant's Guidelines range is 33 to 41 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines offense level 20, the applicable Guidelines fine range is $7,500 to $75,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreements that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's Criminal History Category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either

(i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that her entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw her plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 33 to 41 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $75,000, and the Government agrees not to appeal any fine that is greater than or equal to $7,500.

The defendant hereby acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady* v. *Maryland*,

373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Emil J. Bove III
Assistant United States Attorney
(212) 637-2444

APPROVED:

_____
Nola B. Heller
Co-Chief, General Crimes

AGREED AND CONSENTED TO:

_____
Mona Soliman

1-29-18
_____
Date

APPROVED:

_____
Mathew Santamauro
Attorney for Mona Soliman

1-29-15
_____
Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA                :     **ORDER**
                                        :
              - v. -                    :
                                        :     13 Cr. 795 (RWS)
MONA SOLIMAN,                           :
                                        :
                     Defendant.         :
                                        :
----------------------------------------X

        WHEREAS, with the consent of defendant Mona Soliman,
the defendant's guilty plea allocution was taken before a United
States Magistrate Judge on January 29, 2015;

        WHEREAS a transcript of the allocution was made and
thereafter was transmitted to this Court; and

        WHEREAS, upon review of that transcript, this Court
has determined that the defendant entered the guilty plea
knowingly and voluntarily and that there was a factual basis for
the guilty plea,

        IT IS HEREBY ORDERED that the defendant's guilty plea
is accepted.

SO ORDERED.

Dated:    New York, New York
          March _____, 2015


                              _____
                              HONORABLE ROBERT W. SWEET
                              United States District Judge
                              Southern District of New York